UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**SAMSON CONTOUR E&P, LLC**                           CIVIL ACTION

**VERSUS**                                            NO:     13-0547

**LOUISIANA DELTA OIL CO., LLC**                      SECTION: "A" (4)

## ORDER

Before the Court are two motions, a **Motion to Compel Tchefuncte Natural Resources, L.L.C. to Respond to Subpoena to Produce Documents, Information, or Objects to Permit Inspection of Premises in a Civil Action (R. Doc. 46)** filed by the Defendant, Louisiana Delta Oil, Co., LLC, ("LDOC") seeking an Order compelling certain financial and commercial information from 2001 to date, and a **Motion to Quash Subpoena Duces Tecum and for Protective Order (R. Doc. 45)** filed by a non-party to this proceeding, Tchefuncte Natural Resources ("TNR"), seeking an Order prohibiting LDOC from obtaining any financial documents or information from TNR in this proceeding.

**I.    Background**

This case arises from Plaintiff, Samson Contour E&P, LLC's ("Samson") decision to initiate litigation against Louisiana Delta Oil Co., LLC ("LDOC") for its alleged failure to pay Samson its proportionate share for production in connection with Samson's working interest in the contract area pursuant to the Operating Agreement Samson entered into with LDOC.  *See* R. Doc. 1, p. 2. LDOC

filed a counterclaim alleging that Samson transferred, and attempted to assign, its interest in the contract area without LDOC's consent to TNR, who does not have the financial ability to fund the plug and abandon obligations in May 2011. *See* R. Doc. 8, p. 9-10. TNR is not a party in this litigation.

To support its claim against Samson, on or about October 4, 2013, LDOC issued a subpoena duces tecum to TNR. *See* Rec. Doc. 19. In Items numbered 15-20 of this subpoena, LDOC sought to require TNR to produce certain commercial information, including but not limited to, TNR's financial ability to fund an anticipated plugging and abandonment obligation, all state and federal tax returns, monthly balance sheets, general ledgers and income statements, and reviewed and audited financials from 2011 to date. *Id.* at p. 8.

On or about November 19, 2013, TNR responded to LDOC's subpoena requests. *See* Rec. Doc. 47. As to Item Numbers 15-20 in the subpoena, TNR provided a statement which explained that it was previously a wholly-owned subsidiary of Mesa Energy, Inc. ("MSEH"), who is owned by Armada Oil, Inc. ("Armada"). *Id.* As such, TNR was treated as a disregarded entity for accounting purposes at the time of the service of the subpoena. *Id.* Therefore, TNR contends that it does not have any of the documents requested in Items 15-20 since it did not become a publicly traded company with its own individual financial statements and tax returns until January 2014. *See* R. Doc. 45-1, p. 6. As such, TNR informed LDOC that financial information for MSEH prior to December 31, 2012 and financial information beginning with the first quarter of 2013, could be obtained by a company search on sec.gov. *See* Rec. Doc. 45-3.

On or about November 25, 2013, TNR provided a supplemental response to Items 15-20

referring LDOC to form 10-Q for Armada, for the quarterly period ended September 30, 2013. *See* Rec. Doc. 47. The facts are disputed regarding the extent and nature of dealings between TNR and LDOC after TNR provided its supplemental response. Nevertheless, on May 20, 2014, LDOC filed a Motion to Compel TNR to respond to Items 15, 19, and 20 of the subpoena. *See* R. Doc. 46. On that same day, TNR filed a second Supplemental Response to the subpoena and a Motion to Quash Subpoena Duces Tecum and for Protective Order on the same items. *See* Rec. Doc. 45.

## II.     Standard of Review

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1).  The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*  The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando,* 441 U.S. 153, 176 (1979).  Nevertheless, discovery does have "ultimate and necessary boundaries."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).  Furthermore, "it is well established that the scope of discovery is within the sound discretion of the trial court."  *Coleman v. Amer. Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

Under Rule 26(b)(2)(c), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit.

3

Fed.R.Civ.P. 26(b)(2)(c). In assessing whether the burden of the discovery outweighs the benefit, a court must account for: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. *Id.*

The decision to enter a protective order is within the Court's discretion. *Thomas v. Int'l Bus. Mach.*, 48 F.3d 478, 482 (10th Cir. 1995). Federal Rule of Civil Procedure 26(c) governs the issuance of protective orders. It provides in pertinent part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending-or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.

Fed.R.Civ.P. 26(c)(1).

Rule 26(c), however, contains a requirement that good cause be shown to support the issuance of a protective order, providing that "the burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir.1998); *see also Baggs v. Highland Towing, L.L.C.*,No., No. 99-1318, 1999 U.S. Dist. LEXIS 11450, at *6-7, 1999 WL 539459, at *2 (E.D. La. July 22, 1999) (Rule 26(c)(2) orders may be issued only when the moving party makes "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.").

Rule 45 governs the issuance of subpoenas, and provides that on timely motion, the issuing

court must quash or modify a subpoena if it requires disclosure of privileged or other protected matter, or otherwise subjects the subpoenaed person to undue burden. *See* Fed.R.Civ.P. 45(c)(3). "In general, the burden of demonstrating the applicability of the privilege rests on the party who invokes it." *Premier Dealer Servs., Inc. v. Duhon*, No.12-1498, 2013 WL 5720354 (E.D. La. Oct. 21, 2013); citing *Nat'l West. Life Ins. Co. v. West. Nat. Life Ins. Co.*, 2010 WL 5174366, at *2 (W.D.Tex.Dec. 13, 2010); 9A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2463.1 (3d ed.2008); *Hodges, Grant & Kaufmann v. U.S. Government, Dept. of the Treasury*, 768 F.2d 719, 721 (5th Cir.1985). Under Rule 45, a Court must quash or modify a subpoena that fails to allow a reasonable time to comply, requires the disclosure of privileged or protected matters, or subjects a person to an undue burden. *See* Fed.R.Civ.P. 45(c)(3)(A)(i), (iii) & (iv).

**III.   Analysis**

Rule 45 governs the issuance of subpoenas, and provides that on timely motion, the issuing court must quash or modify a subpoena if it requires disclosure of privileged or other protected matter, or otherwise subjects the subpoenaed person to undue burden. Fed. R. Civ. P. 45(c)(3). Under Rule 45(c)(1), "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(c)(1).

Furthermore, Rule 45(c)(3) further provides that:

On timely motion, the issuing court must quash or modify a subpoena that:

> (i) fails to allow a reasonable time to comply;
>
> (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person—except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
>
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

5

    (iv) subjects a person to an undue burden.

Fed. R. Civ. P. 45(c)(3)(A)(i)-(iv).

  Here, LDOC's motion seeks to compel disclosure of certain proprietary information from TNR to aid in its defense in the instant action. *See* R. Doc. 46. At this time, TNR is not a party in the instant action nor has demand for payment been made by LDOC to TNR asking it to either finance the plug and abandonment operations or to perform them. Furthermore, there is no evidence that TNR would be legally obligated to do so. As such, LDOC's request is premature and not sufficient to withstand TNR's Motion to Quash.

  Accordingly,

  **IT IS ORDERED** that Louisiana Delta Oil Co., LLC's, **Motion to Compel Tchefuncte Natural Resources, L.L.C. to Respond to Subpoena to Produce Documents, Information, or Objects to Permit Inspection of Premises in a Civil Action (R. Doc. 46)** is hereby **DENIED** and Tchefuncte Natural Resources' **Motion to Quash Subpoena Duces Tecum and for Protective Order (R. Doc. 45)** is hereby **GRANTED**.

          New Orleans, Louisiana, this 25th day of June 2014

              **KAREN WELLS ROBY**
             **UNITED STATES MAGISTRATE JUDGE**